RAY BECKERMAN, P.C.   **MEMO ENDORSED**

*Attorneys at Law*
108-18 Queens Boulevard, 4th Floor
Forest Hills, NY 11375
Telephone (718) 544-3434 Fax (718) 559-6584
Email: mtrogers@beckermanlegal.com
Web site: http://beckermanlegal.com

*Morlan Ty Rogers*
*Of Counsel*

November 2, 2012

**BY FAX (914) 390-4298**

Hon. Edgardo Ramos, District Judge
U.S. District Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

*Pre-motion conference is scheduled for Nov. 29, 2012 at 12:00 pm. Plaintiff's counsel shall appear via telephone. Defendant's counsel shall appear in person.*

**SO ORDERED:** Dated: Nov. 13, 2012

HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

Re:   Malibu Media, LLC v. Does 1-11
      Case No. 12-cv-3810 (ER)

Dear Judge Ramos:

We are the attorneys for defendant John Doe No. 1 in the above-referenced case. In accordance with paragraph 2(A) of Your Honor's Individual Practices, we request a pre-motion conference regarding defendant's contemplated motion to dismiss the Complaint herein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and quash the subpoena issued under the Court's August 21, 2012 *ex parte* discovery order seeking disclosure of defendant's identity on the ground that the Complaint fails to state a claim.

We initially filed our formal motion for such relief on October 25, 2012 without first sending a pre-motion letter, in the belief that the Court's August 21, 2012 Order dispensed with that procedure and authorized the direct filing of a formal motion challenging the subpoena in this case.

> It is further ORDERED that John Doe 1 ... shall have 60 days
> from the date of service of the Rule 45 subpoena and this Opinion
> and Order upon him or her to file any motions with this Court
> contesting the subpoena (including a motion to quash or modify
> the subpoena).

See August 21, 2012 Order (emphasis added). We regret any inconvenience that the filing of the formal motion has caused.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11 13 2012

Hon. Edgardo Ramos, District Judge
November 2, 2012
Page 2

In the August 21st Order, this Court *sua sponte* severed and dismissed Doe Defendants 2 through 11 from this copyright infringement action on the ground that Plaintiff had improperly joined them in this action, and granted Plaintiff leave to serve a subpoena on the internet service provider ("ISP") of the remaining defendant -- John Doe 1 -- "to obtain information to identify the Defendant, specifically his or her name, current and permanent address, and Media Access Control address." Such "early discovery has been used repeatedly in cases such as this one to harass and demand of defendants quick settlement payments, regardless of their liability. Zero Tolerance Entertainment, Inc. v. Does 1-45, 2012 WL 2044593 at *1 (S.D.N.Y. Jun. 6, 2012) (Scheindlin, J.).

As set forth in greater detail in our motion papers, the Complaint fails to state a claim against defendant, which requires the dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and the quashing of the subpoena in connection therewith.

To survive a motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (italics added). Moreover, such factual allegations must be "sufficient 'to raise the possibility of relief above the "speculative level.'" City of Omaha, Neb. Civilian Employees' Retirement System v. CBS Corp., 679 F.3d 64, 67 (2d Cir. 2012) (quoting Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010) and Twombly, supra, 550 U.S. at 555, 127 S.Ct. at 1965).

Here, the allegations of the Complaint make clear that the defendant whom Plaintiff is suing as "John Doe 1" in this case is the *subscriber* to the internet account which Cablevision assigned IP address 24.45.224.34 @ 2/4/12 17:49. **Plaintiff, however, has no non-speculative basis for asserting that the subscriber of this account was the individual who actually engaged in or participated in the allegedly infringing activity or was even aware of it.**

Paragraph 7 of the Complaint alleges that "[e]ach Defendant is known to Plaintiff only by an IP address." (emphasis added). Paragraph 8 alleges that "[a]n IP address is a number that is assigned by an Internet Service Provider (an "ISP") to devices, such as computers, that are connected to the Internet." Paragraph 9 alleges that "[t]he ISP to which each Defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity." (emphasis added).

Hon. Edgardo Ramos, District Judge
November 2, 2012
Page 3


        The infringement claims asserted against the subscriber here are utterly
speculative, and the complaint is thus subject to dismissal, as (1) Plaintiff admittedly does not
know who actually committed the alleged infringement (Complaint, ¶ 7), (2) the Complaint
alleges no facts supporting an inference that the subscriber -- i.e., the person whose name is on
the account and who pays the bill for the account -- is in fact the individual who actually
uploaded or downloaded Plaintiff's movie, and (3) the Complaint alleges no basis for holding the
subscriber liable for the allegedly infringing conduct of unknown others.

        The inference that Plaintiff would like to draw – that a subscriber to an internet
account, assigned an IP address through which infringing activity allegedly occurred, is the
individual who engaged in such activity – has no basis in logic or reality, and has been
repeatedly rejected by this and other Courts. See Next Phase Distribution, Inc. v. John Does 1-
27, __ F.R.D. __, __, 2012 WL 3117182  at *5 (S.D.N.Y. Jul. 31, 2012) (Marrero, J.); In re
Bittorrent, supra, 2012 WL 1570765 at *3.  See also Media Products, Inc. v. John Does 1-26,
2012 WL 3866492 at *1 (S.D.N.Y. Sept. 4, 2012) (in Bittorrent lawsuits, there is a "high
probability of misidentified Doe defendants (who may be the bill-payer for the IP address but not
the actual infringer)") (emphasis added).

        Plaintiff's frivolous designation of the internet account subscriber as the
defendant in this case based on the mere possibility that such subscriber *might* have been the
infringing individual is exactly the kind of speculative pleading that is barred by Twombly,
Iqbal, and their progeny.  The Complaint must therefore be dismissed for failure to state a claim.

        Upon dismissal of the Complaint, the Court should quash the subpoena seeking
John Doe 1's identity.  In connection therewith, Plaintiff should be directed to serve immediately
upon Cablevision a copy of the Court's order dismissing the Complaint and quashing the
subpoena. Digital Sins, Inc. v. Does 1-245, 2012 WL 1744838 at *6 (S.D.N.Y. May 15, 2012).
The Court should also issue a protective order providing that, in the event of inadvertent or other
disclosure by Cablevision of documents setting forth John Doe 1's identity, Plaintiff shall
destroy such documents and keep such information confidential and not use it for any purpose.

                                        Respectfully yours,

                                        *Morlan Ty Rogers*

                                        Morlan Ty Rogers

cc: Jason Kotzker, Esq.
        (by email jason@klgip.com )