UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 -------------------------------------------------------------x

MALIBU MEDIA, LLC,                                    No. 12-cv-3810 (ER)

                        Plaintiff,

            -against-

JOHN DOES 1-11,

                        Defendants.

 -------------------------------------------------------------x


**DEFENDANT JOHN DOE 1'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HER MOTION FOR AN ORDER
DISMISSING THE COMPLAINT AND QUASHING SUBPOENA ON
THE GROUND THAT THE COMPLAINT FAILS TO STATE A CLAIM**


RAY BECKERMAN, P.C.
Attorneys for defendant John Doe 1
108-18 Queens Blvd., 4th Floor
Forest Hills, NY 11375
(718) 544-3434

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

REPLY ARGUMENT .................................................................................................................1

CONCLUSION.............................................................................................................................9

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

<u>AF Holdings LLC v. Does 1-96</u>, 2011 WL 5864174
(N.D. Cal. Nov. 22, 2011)..................................................................3 n 1

<u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110 (2d Cir. 2010) .................................4, 5, 6

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009)...............................................1

<u>Bagola v. Kindt</u>, 131 F.3d 632 (7th Cir. 1997) ...............................................6

<u>Digital Sin, Inc. v. Does 1-176</u>, 279 F.R.D. 239 (S.D.N.Y. 2012) .............................................7, 8

<u>Discount Video Center, Inc. v. Does 1-29</u>, __ F.R.D. __,
2012 WL 3308997 (D. Mass. Aug. 10, 2012) ...............................................3

<u>Discount Video Center v. Does 1-29</u>, 2012 WL 5464175
(D. Mass. Nov. 7, 2012) ...............................................7, 9

<u>Dittman v. DJO, LLC</u>, 2009 WL 3246128 (D.Colo. Oct. 5, 2009) ...............................................1

<u>Gallop v. Cheney</u>, 642 F.3d 364 (2d Cir. 2011) ...............................................7

<u>In re Assante</u>, 470 B.R. 707 (Bankr. S.D.N.Y. 2012) ...............................................6

<u>In re Bittorrent Adult Film Order & Copyright Infringement
Cases</u>, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (report
and recommendation adopted by <u>Patrick Collins Inc. v. Doe 1</u>,
2012 WL 5879120 (E.D.N.Y. Nov. 20, 2012)) ...............................................3

<u>In re Petition by Ingenuity 13 LLC</u>, 2012 WL 968080
(E.D. Cal. Mar. 20, 2012) ...............................................2-3

<u>Liberty Media Holdings, LLC v. Tabora</u>, 2012 WL
2711381 (S.D.N.Y. Jul. 9, 2012) ...............................................3 n 1

<u>Media Products, Inc. v. John Does 1-26</u>, 2012 WL 3866492
(S.D.N.Y. Sept. 4, 2012) ...............................................2

<u>Munro v. Post</u>, 102 F.2d 686 (2d Cir. 1939) ...............................................6

<u>Next Phase Distribution, Inc. v. John Does 1-27</u>,
284 F.R.D. 165, 170 (S.D.N.Y. 2012) ...............................................3

Patrick Collins, Inc. v. Does 1-4, 2012 WL 2130557
(S.D.N.Y. Jun. 12, 2012) ...................................................................................3

Patrick Collins Inc., v. Doe 1, 2012 WL 5879120
(E.D.N.Y. Nov. 20, 2012) ...........................................................................2, 3, 4

Spain v. Ball, 928 F.2d 61 (2d Cir. 1991) ...............................................................7

U.S. v. Pineda-Mendoza, 2012 WL 4056829
(E.D.Cal. Sept. 14, 2012) ....................................................................................6

Virgin Atlantic Airways, Ltd. v. National Mediation Board,
956 F.2d 1245, 1255 (2d Cir. 1992) ...................................................................5

Zero Tolerance Entertainment, Inc. v. Does 1-45, 2012 WL 2044593
(S.D.N.Y. Jun. 6, 2012) ................................................................................. 6-7

**Rules**

Fed. R. Civ. P. 12(b) ...........................................................................................6

## REPLY ARGUMENT

Defendant John Doe 1 ("Doe 1"), by her attorneys Ray Beckerman, P.C., respectfully submits this reply memorandum of law in further support of her motion for an Order dismissing the complaint herein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and quashing the subpoena issued under the Court's August 21, 2012 *ex parte* discovery order on the ground that the Complaint herein fails to state a claim against her, and granting such other and further relief as may be just and proper.

In order to survive a defendant's motion to dismiss, it is not enough that a complaint alleges conduct stating a claim.  Rather, the complaint must also be able to state that claim plausibly against *the defendant being sued*.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged") (italics added); Dittman v. DJO, LLC, 2009 WL 3246128 at *3 (D.Colo. Oct. 5, 2009) (granting motion to dismiss; "Plaintiff has no facts, only speculation, on which to base his claim that defendants' products caused or contributed to his injury. This mere possibility, i.e., that the medicine used could have been made by these defendants, rather than by any number of other manufacturers of anesthesia drugs, is not adequate to state a claim under the prevailing standards as set forth by Twombly and Iqbal").

Plaintiff's opposing papers, as well as the representations made by plaintiff's counsel during the pre-motion conference, confirm that the defendant whom plaintiff is suing as Doe 1 is not the unknown individual who actually engaged in the allegedly infringing conduct but the *subscriber* of the internet account assigned the IP address through which the infringing conduct was allegedly transmitted.

Doe 1's initial memorandum of law demonstrated that plaintiff lacks a plausible, non-speculative basis for asserting that the subscriber in this case is the individual who actually engaged in or participated in the infringing conduct alleged in the complaint. Plaintiff's opposing papers do not claim otherwise, nor could they given the nature of IP addresses and their inability to identify the actual persons transmitting particular data through them.

A growing number of courts recognize the distinction between the subscribers of IP addresses allegedly associated with infringing activity and the infringers themselves. "An IP address is a numeric label specific to a computer network that serves to identify and locate that network on the internet, but *not to further identify the defendant*." Patrick Collins Inc., v. Doe 1, 2012 WL 5879120 at *2 (E.D.N.Y. Nov. 20, 2012) (italics added). "[A] single IP address may host one or more devices operated and owned by multiple users (for example, a computer or handheld tablet), each communicating on the same network, such as with a wireless router or a business intranet." Media Products, Inc. v. John Does 1-26, 2012 WL 3866492 at *1 (S.D.N.Y. Sept. 4, 2012). Unlike traditional telephones, multiple computer devices can be operated simultaneously by different individuals through a single IP address. Patrick Collins v. Doe 1, supra, 2012 WL 5879120 at *8. "Due to the prevalence of wireless routers, the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner…. [Even if a wireless router is secured], a secured network does not reduce the likelihood … that the infringing activity was conducted by a guest, family member, or neighbor who shares the account owner's internet connection." Patrick Collins v. Doe 1, supra, 2012 WL 5879120 at *4-5. See also In re Petition by Ingenuity 13 LLC, 2012 WL 968080 at *5 (E.D. Cal. Mar. 20, 2012) (obtaining the "identities of the subscribers associated with the identified IP addressees … alone would not reveal who

2

actually downloaded petitioner's work, since the subscriber's internet connection could have been used by another person at the subscriber's location, or by an unknown party who obtained access to the subscriber's internet connection without authorization"). [1]

The assumption that the subscriber of an internet account is the same individual who actually engaged in alleged acts of online copyright infringement "is tenuous, and one that has grown more so over time."  Next Phase Distribution, Inc. v. John Does 1-27, 284 F.R.D. 165, 170 (S.D.N.Y. 2012) (citing In re Bittorrent Adult Film Order & Copyright Infringement Cases, 2012 WL 1570765 at *3 (E.D.N.Y. May 1, 2012) (report and recommendation adopted by Patrick Collins Inc., v. Doe 1, 2012 WL 5879120 at *2 (E.D.N.Y. Nov. 20, 2012))); Patrick Collins, Inc. v. Does 1-4, 2012 WL 2130557 at *1 (S.D.N.Y. Jun. 12, 2012) ("There is a real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations").

For this reason, subscribers to internet accounts may be made defendants in copyright infringement cases only "on the basis of their allegedly infringing activity, *not due to their status as subscribers of the IP address utilized*."  Discount Video Center, Inc. v. Does 1-29, __ F.R.D. __, 2012 WL 3308997 at *5 n. 7 (D. Mass. Aug. 10, 2012) (italics added).  As that court explained,

---

[1] It should be noted that internet account subscribers have no duty to secure their accounts from unauthorized use by others.  Patrick Collins v. Doe 1, supra, 2012 WL 5879120 at *8 ("If the Court were to hold internet account holders responsible for any interlopers and guests who might infringe on the Plaintiff's work, the Court would essentially be imposing a duty that every home internet user vigilantly guard their wireless network. The Court declines to impose such a duty"); AF Holdings, LLC v. Doe, 2012 WL 3835102 at *3 (N.D. Cal. Sep. 5, 2012) ("AF Holdings has not articulated any basis for imposing on Hatfield a legal duty to prevent the infringement of AF Holdings' copyrighted works [by securing his wireless network], and the court is aware of none").  See also Liberty Media Holdings, LLC v. Tabora, 2012 WL 2711381 (S.D.N.Y. Jul. 9, 2012) (dismissing state-law negligence claim against subscriber as preempted by the Copyright Act).

> While ultimately the Plaintiff may determine that a meaningful number of the subscribers are also the infringing Defendants, the **Plaintiff does not now know that to be the case, as to any individual subscriber, nor will it know that simply as a result of having received the names and addresses of the subscribers**.

Id. at *3 (emphasis added).

Lacking any non-speculative basis for asserting infringement claims against the subscriber defendant in this case, plaintiff instead asserts that Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010), "is outcome determinative and mandates that this Court deny John Doe 1's motion to dismiss."  Plaintiff is sorely mistaken.  The issue raised in the instant motion – whether plaintiff can state a plausible, non-speculative claim of copyright infringement against the *subscriber* of an internet account assigned the IP address through which infringing conduct was allegedly transmitted – was not raised by the Arista litigants at the trial level nor was the issue placed before or decided by the Second Circuit.

This is not the first time that plaintiff's counsel has sought to use Arista to challenge the distinction between subscribers and infringers.   The plaintiff in Patrick Collins Inc., v. Doe 1, supra, 2012 WL 5879120 (E.D.N.Y. Nov. 20, 2012), represented by the same attorney as plaintiff here, objected to Magistrate Judge Brown's finding that an IP address alone is insufficient to establish "a reasonable likelihood [that] it will lead to the identity of defendants who could be sued," contending that "Judge Brown's conclusion is inconsistent with the decision in Arista Records LLC v. Does 1–16, No. 08–CV–765, 2009 WL 414060 (N.D.N.Y. Feb. 18, 2009) aff'd 604 F.3d 110 (2d Cir. 2010)."  Id. at 4-5.  Judge Spatt rejected this argument and adopted Magistrate Judge Brown's Report and Recommendation in its entirety, stating that "Judge Brown clearly distinguished the instant case from the facts in Arista Records, and the Court sees no benefit in reviewing his reasoning."  Id. at 5.

4

In *Arista*, the defendant's challenge to the sufficiency of the complaint was addressed not to whether the plaintiff had a plausible, non-speculative basis for designating the *subscriber* as the defendant, but to whether *allegations of use of an online media distribution system without any allegations of actual distribution of copyrighted works* constituted copyright infringement. As set forth in the "Issues Presented For Review" in the appellant's brief, the appellate issue was

> Does the qualified First Amendment privilege to be anonymous on the internet protect a defendant against a complaint for copyright infringement which alleges, solely on information and belief, that a defendant "has continuously *used*, and *continues to use*, an online media distribution system to download and/or distribute to the public" copyrighted recordings, without any allegations of actual distribution?

Appellant's Brief, p. 3 (italics added) (Appendix A hereto). On appeal, the Second Circuit held that the *conduct* alleged in the complaint "violat[ed] the copyright holders' reproduction and distribution rights," Arista Records, LLC v. Doe 3, 604 F.3d at 122-23, but the Court did not (and had no reason to) opine on whether the infringement claims were plausibly asserted against the subscriber of the IP address associated with the allegedly infringing conduct. Indeed, the term "subscriber" does not even appear in the Court's opinion. Arista lends no support to plaintiff's claims.

Plaintiff's resort to asserting the law of the case doctrine here is frivolous. Incredibly, plaintiff uses language taken from Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992) ("where *litigants have once battled for the court's decision*, they should neither be required, nor without good reason permitted, to battle for it again") (italics added), to suggest that Doe 1 had litigated plaintiff's application for early discovery in this case when, in fact, such application was made, and the resulting August 21,

2012 discovery order was issued, *ex parte* without Doe 1's knowledge.  It is well established that the law of the case doctrine does not apply to decisions and orders rendered *ex parte*.  Munro v. Post, 102 F.2d 686, 688 (2d Cir. 1939); Bagola v. Kindt, 131 F.3d 632, 637 (7th Cir. 1997) ("The law of the case doctrine should not be read so rigidly that it precludes a party from raising an argument that it had no prior opportunity to raise"); U.S. v. Pineda-Mendoza, 2012 WL 4056829 at *2 (E.D.Cal. Sept. 14, 2012) ("It is generally unfair to preclude a party from later arguing an otherwise legitimate objection when that party has not had any opportunity to initially voice the objection").  In any event, just as in Arista, supra, this Court's August 21, 2012 discovery order opined only on whether the conduct alleged in the complaint stated an infringement claim, not whether such a claim was plausibly stated against the subscriber.

There is no merit to plaintiff's claim that Doe 1's motion is premature.  The rule under which the instant motion was made -- Rule 12(b)(6) --  does not prohibit such a motion from being made prior to service of a complaint.  The only temporal requirement is that the motion "be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  As the complaint has not yet been served, the instant motion is timely.  See In re Assante, 470 B.R. 707, 710 (Bankr. S.D.N.Y. 2012) (granting defendant's motion to dismiss plaintiff's complaint on default; plaintiff did not respond to motion "on the false assumption that a motion to dismiss could not be heard before he served the summons and complaint on Defendant").

Finally, there is likewise no merit to plaintiff's claim that it will have no remedy if its complaint against the subscriber here is dismissed.  It just means that the plaintiffs in these cases -- if they actually intend to litigate these cases rather than simply "harass and demand of defendants quick settlement payments, regardless of their liability, "Zero Tolerance Entertainment, Inc. v. Does 1-45, 2012 WL 2044593 at *1 (S.D.N.Y. Jun. 6, 2012) (Scheindlin,

J.) -- will have to file John Doe actions against the alleged infringers (as opposed to the instant one asserted against the subscriber) and engage in some additional discovery to determine the identity of the individual or individuals who actually committed the alleged copyright infringements before naming those individuals as defendants.  The plaintiff could still apply to the Court for early discovery from the ISP seeking the name and address of the subscriber of the internet account assigned the IP address allegedly used by the infringer, but would have to propose a discovery plan, subject to court approval, setting forth how it planned to use such information in order to identify the actual infringer.  Discount Video Center v. Does 1-29, 2012 WL 5464175 at *1 (D. Mass. Nov. 7, 2012) (denying application for *ex parte* discovery where the plaintiff "failed to articulate a discovery plan that would lead to identifying the infringers they have sued").  Only if such non-party discovery generated a plausible, non-speculative basis for asserting that the subscriber was the actual infringer would the plaintiff be permitted to move, under seal and on notice to the subscriber, for substitution of the subscriber as a party defendant.

As plaintiff has not requested leave to amend its complaint and could not, in any event, amend it to state a plausible claim against the subscriber here (Doe 1), the complaint should be dismissed with prejudice.  Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011); Spain v. Ball, 928 F.2d 61, 62 (2d Cir. 1991).

As to future cases, measures should be required to prevent harassment and intimidation. As this Court recognized in Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239 (S.D.N.Y. 2012) while drawing on the experiences of other courts in these cases, the risk of harassment and intimidation of subscribers in these cases is all too real:

One court in Virginia recently described this dynamic as follows:

> According to some of the defendants, [following the Court's grant of expedited discovery compelling the ISPs to turn over the names associated with 85 IP addresses,] the plaintiffs then contacted the John Does, alerting them to this lawsuit and their potential liability. Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation....
>
> This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather **simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.**
>
> K–Beech, Inc. v. Does 1–85, 11–CV–00469 at 4 (E.D.Va. Oct. 5, 2011) (Docket # 9) (severing Doe defendants and issuing an Order To Show Cause demanding that attorney for plaintiff explain why Rule 11 sanctions were inappropriate) (emphasis added and internal citations omitted). Indeed Plaintiff's counsel also bluntly conceded that there are "horror stories out there, what some law firms have done. For example, they have called and harassed the John Doe defendants." (1/17/12 Tr. at 20).

Digital Sin, Inc. v. Does 1-176, supra, 279 F.R.D. at 242-243 (emphasis in original).

It should be mandatory that the ISP's notice to the subscriber **make clear that the copyright infringement claims being asserted are not asserted against the subscriber and will not be asserted against the subscriber unless discovery should generate a plausible factual basis for plaintiff to assert that the subscriber committed the alleged infringement**, and should afford the subscriber an opportunity to move anonymously to quash the subpoena before his or her name and address are released to plaintiff's attorney.

The Court should also (1) prohibit the plaintiff – upon obtaining the names and addresses of non-party subscribers of IP addresses allegedly associated with copyright infringements -- from using non-attorney company representatives or third-party settlement negotiators to communicate with those subscribers, (2) direct that only the attorney of record for the plaintiff may communicate with subscribers and that the sole purpose of such communications shall be to serve subpoenas and obtain non-party discovery from the subscribers calculated to identify the actual infringers, (3) require that the attorney of record for the plaintiff keep subscriber information confidential, and (4) prohibit plaintiff's attorney from discussing or entering into settlements with subscribers except in those cases in which they are formally substituted as party defendants.  See Discount Video Center, supra, 2012 WL 5464175 at *1 (denying *ex parte* discovery seeking "disclosure of the third-party subscribers' names so that the Plaintiffs might settle or dismiss their cases on an informal basis"; such discovery should be "for purposes of filing a motion to amend the Complaint to name the Doe, followed by service of the Complaint").

## CONCLUSION

Based on the foregoing, the Court should grant the within motion in all respects.

Respectfully submitted,

RAY BECKERMAN, P.C.

By:    s/Morlan Ty Rogers
        Morlan Ty Rogers
Attorneys for defendant Doe 1
108-18 Queens Blvd., 4th Floor
Forest Hills, NY 11375
(718) 544-3434